IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | **Criminal No. 3:14-cr-00298-M** |
| | § | |
| AMY HERRIG | § | |

**OPPOSED**
**MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Amy Herrig moves this Court for a modification of the conditions of her release and would respectfully submit the following for the Court's consideration:

I.

**Specific Relief Requested**

Defendant Amy Herrig requests the Court to: **(1)** eliminate condition 7(p)(ii) and 7(q) of **DOC #261**, which ordered "Home Detention" and "location monitoring" on May 18, 2015, and impose additional conditions of a personal bond in an appropriate amount and/or the execution of appropriate paperwork to grant to the Government a default judgment in the federal civil forfeiture action in the event she did not appear for trial; or **(2)** eliminate condition 7(p)(ii) of **DOC #261** — which ordered "Home Detention" on May 18, 2015 — in light of conditions 7(f) (travel restrictions) and 7(q) (location monitoring) and impose additional conditions of a

personal bond in an appropriate amount and/or the execution of appropriate paperwork to grant to the Government a default judgment in the federal civil forfeiture action in the event she did not appear for trial; or **(3)** eliminate condition 7(p)(ii) of **DOC #261** — which ordered "Home Detention" on May 18, 2015, and authorize radio frequency monitoring, with or without the imposition of a personal bond in an appropriate amount and/or the execution of appropriate paperwork to grant to the Government a default judgment in the federal civil forfeiture action in the event she did not appear for trial; or **(4)** eliminate condition 7(p)(ii) of **DOC #261** — which ordered "Home Detention" on May 18, 2015, and impose an additional condition of a "curfew" under condition 7(p)(i) with radio frequency (as opposed to GPS) monitoring, with or with the requirement of a personal bond in an appropriate amount and/or the execution of appropriate paperwork to grant to the Government a default judgment in the federal civil forfeiture action in the event she did not appear for trial.

## II.

### Legal And Factual Information Relevant To Requested Modification

1. The Order (**DOC #261**) setting conditions of release for Defendant Amy Herrig: (1) limits her travel to the Northern District of Texas except with prior authorization by U.S. Pretrial Services [condition 7(f)]; (2) requires her to submit to location monitoring as directed by U.S. Pretrial Services [condition 7(q)]; and (2) requires "Home Detention" [condition 7(p)(ii)].

2. From May 18, 2015 through the date of filing of this motion, Defendant Amy Herrig has faithfully and fully complied with all conditions of her release. She has previously filed two motions to obtain permission to travel outside the Northern District of Texas. The first, which requested permission to travel to Alaska for business purposes (**DOC #352**; filed July 2, 2015), was opposed by the Government and denied by United States Magistrate Judge Horan (**DOC #365**, filed July 8, 2015). The second, which requested permission to travel to Oregon for family related medical reasons (**DOC #416**, filed September 22, 2015), was unopposed by the Government and granted by United States Magistrate Judge Horan (**DOC #418**; filed September 25, 2015).

3. As indicated above, this motion seeks one of four requested forms of relief. The first is the elimination of condition 7(p)(ii) and 7(q): i.e., the elimination of "Home Detention" and "location monitoring".  The other three forms of requested relief are shades and phases of an elimination of condition 7(p)(ii) (i.e., "Home Detention"), but not the elimination of 7(q) ("location monitoring"). The forms of relief requested in this motion have been broached by undersigned counsel with Defendant Amy Herrig's supervising Pretrial Services Officer, Mr. Eric Zarate. Mr. Zarate has represented to undersigned counsel that he will fully inform the Court of Ms. Herrig's compliance with all conditions of release and his position regarding the requested forms of relief. Undersigned counsel did not ask Mr. Zarate what his

recommendation(s) to the Court would be, as that would not be appropriate.  Mr. Zarate has interfaced with Defendant Herrig for the better part of seven months, and as reflected below, that has been on a weekly and sometimes daily basis.

4. Defendant Herrig believes that her total compliance for close to seven months — including her authorized travel to Oregon, and total compliance during that travel — is an extremely strong indicator that she has no intent to flee and that "Home Detention" and "location monitoring" are no longer necessary or appropriate.  Indeed, "Home Detention" imposes a substantial burden upon Mr. Zarate's valuable time, as Defendant Herrig must submit a schedule for each future week by Thursday of the then current week.[1]  Mr. Zarate must review and approve that schedule. Any changes to that schedule once it has been approved by Mr. Zarate — which changes have consistently arisen on a weekly basis due to Defendant Herrig's ever-changing business obligations (she is gainfully employed by the Gas Pipe) and family obligations (including two eleven year old children) — must be sent to Mr. Zarate via "text message" or "emails" as they arise during the weekdays.  Only if Mr. Zarate approves those changes can Defendant Herrig deviate from her otherwise approved weekly plan.[2]  Mr. Zarate is extremely diligent in responding to Defendant Herrig's

---

[1] For scheduling purposes, a "week is Friday to the following Thursday.

[2] In this regard, while Mr. Zarate has been very professional and accommodating in extenuating circumstances, he requests that changes to the pre-approved weekly schedule be made with three days advance notice, which is not always possible.

changing schedule and requested modifications thereof, which he monitors on a daily basis (excluding weekends, when he is "off duty"). On the weekends, when Mr. Zarate is replaced by other individuals from U.S. Pretrial Services, Defendant Herrig has refrained from requesting "as needed" last minute changes, because she is typically unaware of the identity of the U.S. Pretrial Services Officer who is monitoring her (and hence, does not have his or her cell phone number or email address). This has impacted her ability to fully provide for her eleven year old children[3] on the weekends, as her children's schedules for any given weekend are rarely set in stone by Wednesday or Thursday prior to the weekend.  The process is cumbersome, but one that Ms. Herrig has willingly and diligently followed. However, the burden placed on Mr. Zarate is not insignificant and given Defendant Herrig's performance the past seven months, it appears (at least from undersigned counsel's perspective) to be a needless consumption of the resources of Mr. Zarate and U.S. Pretrial Services: resources that undersigned counsel believes could be

---

[3] Defendant Herrig has joint custody of her eleven year old twins (Gavin, a boy, and Kieley, a girl, both born on July 30, 2004). However, Defendant Herrig has always been the primary care giver and parent responsible for getting the children to their activities because her work schedule, unlike that of the twins' natural father, Jason Stallings, has historically afforded her more flexibility. Additionally, when Defendant Herrig has the twins completely in her custody every other weekend, the changing schedules of the twins (who are active and social youngsters) causes logistical problems given Defendant Herrig's inability to arrange last minute modifications on those weekends.

better allocated to other individuals that have not demonstrated their total compliance with their conditions of release.

In this regard, Mr. Zarate has assured undersigned counsel that he is more than willing to provide the Court with a detailed update on Defendant Herrig's attitude and compliance. Because of Mr. Zarate's willingness to do so, undersigned counsel has refrained from attaching to this motion even a sampling of the hundreds of "text" and "email" messages by and between Mr. Zarate and Defendant Herrig due to Ms. Herrig's constantly changing weekly schedules. Suffice it to say, Defendant Herrig believes that the Court's concern at the detention hearing [and the corresponding imposition of "Home Detention" at that time as reflected by condition 7(p)(ii)] should be reconsidered and eliminated by the Court, along with the requirement of "location monitoring" under condition 7(q). The Court could further "reasonably assure" Defendant's presence at trial by requiring a personal bond in whatever amount ($50,000, $100,000, or even $250,000) the Court felt appropriate. Furthermore, Ms. Herrig has also authorized undersigned counsel to represent to the Court that she is willing to sign a default judgment in the federal civil forfeiture case as to her property (two homes, and over $100,000) if the Court were to eliminate "Home Detention" and "location monitoring." Certainly, both of these potential financial conditions would provide the Court with additional "reasonable assurance" that she would not flee pending trial.

6

The second and third alternative forms of relief involve the elimination of condition 7(p)(ii) ("Home Detention") but not the elimination of condition 7(q) (location monitoring). This would continue to require Defendant Herrig to be subject to both the travel restriction and location monitoring, but it would dispense with the requirement of the submission of weekly schedules and the subsequent "text" and "email" messages requesting "as needed" modifications of her weekly schedule to Mr. Zarate.

Eliminating *only* condition 7(p)(ii) ("Home Detention") would also allow the placement of a radio frequency monitor on Defendant Herrig, which is a much smaller version used by U.S. Pretrial Services when monitoring a pretrial releasee under condition 7(q), as opposed to condition 7(p)(ii) (which requires a GPS monitor). A radio frequency monitor provides the added benefit of facilitating Defendant Herrig's historical regimen of exercise. In this regard, Defendant Herrig cannot "run" or "jog" with her current GPS monitor (it is too large and weighs too much), and she has historically been an avid "runner."[4]  She has not been authorized to "run" or "job" under the "Home Detention" condition and quite candidly, the large GPS monitor she currently wears creates bruises, blisters and a rash on her ankle (even without much

---

[4] Defendant Herrig's primary passion prior to her indictment and "Home Detention," other than her children, had been running 5K races, half marathons, and marathons.

exercise). This past summer, Defendant Herrig was able to exercise by swimming in her pool, without suffering too much in the way of bruising or blistering from the large GPS monitor, but that is no longer possible with the advent of cooler weather as her pool is not heated. Approval of a radio frequency monitor [either by this Court in the first instance, or by an exercise of the discretion vested in the U.S. Pretrial Services under condition 7(q)], given its small and light size, would allow her to "run" and "jog." Monitoring would still occur, although that monitoring is not quite as effective as the current GPS monitor.[5] Undersigned counsel believes that a radio frequency monitor is appropriate, and as indicated above, Defendant Herrig could also sign a personal bond in whatever amount ($50,000, $100,000, or even $250,000) the Court specified if the Court had any concerns whatsoever. Indeed, a personal bond would provide the Court with additional "reasonable assurance" that she would not flee pending trial (along with or without the execution of appropriate paperwork to provide the Government with a default judgment in the federal civil forfeiture case if she did not appear for trial).

An additional alternative would involve the elimination of condition 7(p)(ii) ("Home Detention") and the imposition of a "curfew" — allowing Defendant Herrig

---

[5] It is undersigned counsel's understanding that there has been at least one occasion when Defendant Herrig's GPS monitor malfunctioned (due to a power failure at her residence) and that although that effectively put her only on radio frequency monitoring, she did not flee.

to leave her house after 7:00 a.m. and to return no later than 10:00 p.m. on a daily basis (seven days a week) — under condition 7(p)(i). This would also eliminate the weekly schedule and "as needed" "text" and "email" messages, providing Defendant Herrig with appropriate flexibility to handle her business and family obligations while simultaneously greatly reducing the time that Mr. Zarate must devote to reviewing and responding to the weekly schedule(s) and the "as needed" "text" and "email" messages requesting modifications of those weekly schedules. It is undersigned counsel's belief and impression that a curfew could be effectuated with a radio frequency monitor, but his notes of his discussion with Mr. Zarate on December 11, 2015, are not crystal clear on this point. Obviously, Mr. Zarate can fully share with the Court the details of all monitors and what he and U.S. Pretrial Services believe to be appropriate, should the Court desire his input.

Of course, if Defendant Herrig had intended to flee, she would have already done so. But given her family ties, her stout defense of the criminal charges, and the corresponding investment of resources to defend herself in this case as well as the civil forfeiture case, there should be no concern whatsoever.  And, as noted above, Ms. Herrig has authorized undersigned counsel to represent to the Court that she is willing to sign a personal bond and/or execute appropriate paperwork to authorize the entry of a default judgment in the federal civil forfeiture case as to her property (two homes, and over $100,000) to "reasonably assure" her presence at trial.

5. As established at the detention hearing held on May 18, 2015, Amy Herrig attempted to voluntarily surrender to the U.S. Marshal Service prior to her actual indictment and subsequently did in fact voluntarily surrender.[6] Her U.S. Passport was surrendered to the Clerk at the detention hearing on May 18, 2015. Defendant Herrig is not going to flee, as she has long standing ties to Dallas, including her two eleven year old twins.  Given that Amy Herrig is working closely with undersigned counsel on the defense of this case and has invested significant assets to the defense of the federal civil forfeiture and the criminal indictment, this Court should not be concerned that she will flee and should grant this motion, because the requested modification (under any of the potential various forms of relief proposed herein) will continue to "reasonably assure" her presence in this case.

6. On December 13, 2015, Mr. Brian Poe, counsel for the Government, authorized undersigned counsel to represent to the Court that he is opposed to all forms of the relief requested herein, but that he does not desire to be heard on the motion.

---

[6] At the detention hearing, it was established that she had been told that she could leave and return the following day, but elected to be taken into custody on the evening of the second time she attempted to voluntarily surrender.

## II.

### Prayer For Relief

WHEREFORE, PREMISES CONSIDERED, Defendant Amy Herrig respectfully prays that the Court grant the requested relief by either eliminating condition 7(p)(ii) and condition 7(q), or eliminating condition 7(p)(ii) and authorizing a radio frequency monitor under condition 7(q), or eliminating condition 7(p)(ii) and imposing condition 7(p)(i) with a curfew of 7:00 a.m. to 10:00 p.m. with a radio frequency monitor, with or with the execution of a personal bond in an amount sufficient to further "reasonably assure" her presence at trial and, if necessary, the execution of appropriate paperwork to authorize a default judgement in the federal civil case if she does not appear at trial, or for such other relief as the Court may determine to be appropriate.

Respectfully submitted,

/s/DAVID L. BOTSFORD
State Bar No. 02687950
Botsford & Roark
1307 West Ave.
Austin, Texas 78701
512-479-8030 (phone)
512-479-8040 (fax)
dbotsford@aol.com (Email)

## Certificate Of Conference

On December 14, 2015, I conferred with Mr. Brian Poe, counsel for the Government, and he authorized me to represent to the Court that the Government is opposed to all forms of relief requested herein, but does not desire to be heard on the motion.

/s/DAVID L. BOTSFORD

## Certificate Of Service

A true and correct copy of this document was emailed to Mr. Brian Poe, counsel for the United States by the ECF system on the day it was filed with the Clerk of this Court.

/s/DAVID L. BOTSFORD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | **Criminal No. 3:14-cr-00298-M** |
| | § | |
| AMY HERRIG | § | |

## ORDER

Before the Court is Amy Herrig's Opposed Motion for Modification of Conditions of Release. The Court, having reviewed the motion, hereby grants such motion as follows:

Defendant Herrig's request that Condition 7(p)(ii) and 7(q) of DOC #261 be eliminated to dispense with "Home Confinement" and "location monitoring" is hereby (Granted, with the added requirement of the execution of a personal bond in the amount of _____)(Granted, with the added requirement of the execution of a personal bond in the amount of _____ and the execution of appropriate documentation authorizing a default judgment as to Defendant Herrig's property in the federal civil case should she not appear for trial)(Denied).

Defendant Herrig's request that Condition 7(p)(ii) of DOC #261 be eliminated to dispense with "Home Confinement" is hereby [Granted, provided that Defendant Herrig shall continue to be monitored with a (radio frequency monitor)(GPS monitor) and the added requirement of the execution of a personal bond in the amount of _____ and the execution of appropriate documentation authorizing a default judgment as to Defendant Herrig's property in the federal civil case should she not appear for trial) (Denied).

Defendant Herrig's request that Condition 7(p)(ii) of DOC #261 be eliminated to dispense with "Home Confinement," but that a "Curfew" from 7:00 a.m. to 10:00 p.m. be imposed is hereby (Granted with a (radio frequency monitor)(GPS monitor) (Denied).

Defendant Herrig's request that Condition 7(p)(ii) of DOC #261 be eliminated to dispense with "Home Confinement," but that a "Curfew" from 7:00 a.m. to 10:00 p.m. be imposed is hereby (Granted with a (radio frequency monitor)(GPS monitor) and the added requirement of the execution of a personal bond in the amount of _____ and the execution of appropriate documentation authorizing a default judgment as to Defendant Herrig's property in the federal civil case should she not appear for trial) (Denied).

_____
United States District Judge
United States Magistrate Judge