IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cr-298-M (10) |
| AMY HERRIG, | § | |
| | § | |
| Defendant. | § | |

## ORDER MODIFYING CONDITIONS OF PRETRIAL RELEASE

Defendant Amy Herrig is charged with violating 18 U.S.C. §§ 371, 1956, and 2 and 21 U.S.C. §§ 846, 841(a)(1), 860, 856(a)(1), 952, and 960 across seventeen counts in an indictment out of this district. *See* Dkt. No. 163.

On May 18, 2015, a hearing was held on the government's Motion for Detention. Defendant appeared in person and through counsel, and the government appeared through an Assistant United States Attorney for the Northern District of Texas. At the conclusion of the hearing, the Court denied the government's Motion for Detention [Dkt. No. 168] and ordered Defendant released subject to the Court's Order Setting Conditions of Release [Dkt. No. 261]. The conditions under which Defendant was released include that Defendant's travel is restricted to the Northern District of Texas unless prior permission is granted by a pretrial services officer; that she must surrender her passport and not obtain another passport or any other international travel document; that Defendant must submit to location monitoring as directed by the pretrial services office or supervising officers and comply with all of the program requirements and instructions provided; and that

Defendant is subject to home detention, restricting her to her residence at all time except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities approved in advance by the pretrial services office or supervising officer. *See* Dkt. No. 261 at 2.

Defendant has now filed a Opposed Motion for Modification of Conditions of Release, *see* Dkt. No. 493, which United States District Judge Barbara M. G. Lynn has referred to the undersigned for determination, *see* Dkt. No. 529. Defendant requests several possible modifications to her existing conditions of pretrial The government is opposed but does not wish to be heard further. *See* Dkt. No. 493 at 12.

18 U.S.C. § 3142(c)(1)(B) provides that the Court must impose the least restrictive combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person and the community. And 18 U.S.C. § 3142(c)(3) provides that the Court "may at any time amend the order to impose additional or different conditions of release."

In light of the charged offenses and the evidence presented at the detention hearing as well as in support of the instant motion and the Court's discussion with Defendant's supervising pretrial services officer, the Court finds and determines that certain modifications pursuant to 18 U.S.C. § 3142(c) to Defendant's existing conditions are appropriate to achieve the least restrictive combination of conditions

that will reasonably assure Defendant's appearance as required and the safety of any other person and the community.

In particular, the Court finds that the home detention condition imposed by the Court's Order Setting Conditions of Release [Dkt. No. 261] is no longer part of the least restrictive combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person and the community. Accordingly, the Court MODIFIES its Order Setting Conditions of Release [Dkt. No. 261] to (1) eliminate the Home Detention condition (Condition (p)(ii)) and to (2) add (a) a condition that Defendant Amy Herrig is subject to a Curfew (Condition (p)(i)) under which she is restricted to her residence every day as directed by the pretrial services office or supervising officer as well as (b) a requirement that Defendant must, before these modifications will go into effect, execute a personal bond in the amount of $100,000.00.

The Court will not modify or eliminate the location monitoring condition (Condition (q)) or order that Defendant should be subject to a radio frequency monitor as opposed to a GPS monitor, and the Court otherwise denies Defendant's requests for additional or alternative modifications to her conditions of pretrial release.

The Court determines that the modified and additional modified conditions of release, as ordered above, will, at this time and in combination with the remaining existing conditions set by the Court's Order Setting Conditions of Release [Dkt. No.

261], constitute the least restrictive combination of conditions that will reasonably assure Defendant's appearance as required and the safety of other persons and the community.

Accordingly, for the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Defendant Amy Herrig's Opposed Motion for Modification of Conditions of Release [Dkt. No. 493].

SO ORDERED.

DATED: January 12, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE