UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GAS PIPE, INC. (7),<br>AMY LYNN, INC. (8),<br>GERALD SHULTS (9),<br>AMY HERRIG (10),<br>RAPIDS CAMP LODGE, INC. (31), and<br>RIDGLEA COMPLEX MANAGEMENT, INC. (32) | CRIMINAL NO. 3-14-CR-298-M |

## ORDER

Before the Court is a joint Motion to Compel the Government to Comply with Its Own Policies and Pay the State and Local Taxes on Property It Seeks to Forfeit [Docket Entry #507], filed by (1) Gerald Shults, individually and on behalf of Gas Pipe, Inc., Amy Lynn, Inc., Rapids Camp Lodge, Inc., and Ridglea Complex Management, Inc., and (2) Amy Herrig, individually ("Defendants"). By their motion, Defendants seek an order compelling the Government to pay the state and local *ad valorem* taxes on certain real property the Government seeks to forfeit pursuant to the Superseding Indictment filed in this case (the "Property"). Defendants request, in the alternative, that the Court order the Government to use funds seized from them to pay the taxes on the Property. For the following reasons, the Motion is DENIED.

The Superseding Indictment charges Defendants, and others, with numerous federal crimes arising out of an alleged scheme to manufacture and sell synthetic cannabinoid-based products, commonly known as "spice," in violation of 18 U.S.C. §§ 371, 1956(h), and 2, and 21 U.S.C. §§ 841, 846, 856(a)(1), 860, 952, and 960. *See* Sup. Ind. [Docket Entry #163] at 6-17. The Superseding Indictment also provides notice that the Government seeks to forfeit the

1

Property, and other personal property, as the proceeds of, or property involved in, the illegal activity charged in the Superseding Indictment. *Id.* at 28-34. The Property includes nineteen parcels of land in Texas, one in Oregon, and numerous lots in Alaska. *See id.* The Government has filed notices of *lis pendens* as to the Texas and Oregon properties and has obtained a Restraining Order that prohibits Defendants from selling or encumbering the Alaska properties. Now, according to Defendants, state and local *ad valorem* taxes on the Property are due and owing, in the total amount of $652,486.50. *See* Mot. at 4, ¶ 12. Defendants argue they are not obligated to pay taxes on the Property during the pendency of the forfeiture proceedings, and, instead, Department of Justice ("DOJ") policy obligates the Government to pay the taxes on the Property. Defendants move to compel the Government to comply with DOJ policy and pay the outstanding taxes on the Property, or, in the alternative, to use funds seized from them to pay the taxes on the Property.

It is undisputed that the federal government is immune from paying state and local taxes on real property it owns or controls. *See* Def. Mot. at 6-7; Gov't Resp. at 4. Notwithstanding this immunity, Defendants contend the DOJ has abrogated that immunity and voluntarily adopted a policy to pay such taxes with respect to real property that is the subject of an asset forfeiture proceeding. As support for their contention, defendants rely on Section III. A of Chapter 5 of the DOJ's Asset Forfeiture Policy Manual, which provides:

> Notwithstanding the enactment of 18 U.S.C. § 983(d)(3), which bars assertion of the "innocent owner defense" recovery in certain civil forfeiture cases by persons who are not bona fide purchasers for value, it is the policy of the Department of Justice that the United States should pay state and local real property taxes that accrue up to the date of the entry of an order or judgment of forfeiture. The reasons are two-fold. First, the refusal to pay such taxes would draw the United States into conflict with state and local authorities on matters (the collection of real property taxes) that traditionally have been left to state and local control. Second,

2

> the refusal to pay state and local real property taxes would, as a practical matter, complicate the interlocutory or post-judgment sale of real property. It would, for example, be difficult for the USMS to market and sell real property on which ad valorem property taxes had not been paid. Title insurers and escrow officers might be reluctant to provide the necessary warranties in the face of unpaid state and local property taxes, thus undermining the marketability of the property.

*Asset Forfeiture Policy Manual* (2013), Chap. 5, Sec. III.A.

Chapter 5 of the Asset Forfeiture Policy Manual covers the use and disposition of seized and forfeited property. *Id.* At this time, however, none of the Property has been seized or forfeited. There has been no order of forfeiture with respect to any of the Property, and the law generally prohibits the Government from seizing real property before the entry of an order of forfeiture. 18 U.S.C. § 985(b)(1)(A); *see also Asset Forfeiture Policy Manual*, Chap 1, Sec. II.C.3 ("In general, real property is not seized prior to forfeiture . . . ."). The Government has filed notices of *lis pendens* as to the Texas and Oregon properties, but filing a notice of *lis pendens* is not a seizure of real property. 18 U.S.C. § 985(b)(2); *United States v. Register*, 182 F.3d 820 (11th Cir. 1999). The *lis pendens* merely provides constructive notice of the pending litigation that may affect the Property. *See* TEX. PROP. CODE §§ 12.007, 13.004; *Long Beach Mortgage Co. v. Evans*, 284 S.W.3d 406, 413–15 (Tex. App. -- Dallas 2009, pet. denied); *see also* ORS 93.740; *Soliz v. Jimenez*, 193 P.3d 34, 40-41 (Or. App. 2008). That the *lis pendens* may have the practical effect of making it more difficult for Defendants to sell or mortgage the Property does not convert the *lis pendens* into a seizure. Therefore, the asserted provision of the Asset Forfeiture Manual is not applicable to the Property, at this time, and Defendants' request to compel the Government to comply with DOJ policy and pay the outstanding taxes on the Property, or, in the alternative, to use funds seized from them to pay the taxes on the Property is DENIED.

Because the asserted provision of the Asset Forfeiture Manual is not applicable, the Court does not address Defendants' argument that the Government must comply with its policies pursuant to the *Accardi* doctrine. Def. Mot. 8-10. The Court also declines to address Defendants' suggestion, made in their reply brief, that they are entitled to a judgment declaring that they are not obligated to pay the taxes on the Property during the pendency of this proceeding. *See* Def. Reply Br. at 4, ¶14. Whether or not Defendants are relieved of their obligation to pay taxes on the Property, the Government is not required to pay those taxes pursuant to DOJ policy, at this time. Further, Defendants' Motion did not seek a declaratory judgment, and it would be inappropriate for the Court to award such relief in the context of a motion to compel.

SO ORDERED.

Dated January 22, 2016.

BARBARA M. G. LYNN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS