IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | Criminal No. 3:14-cr-00298-M |
| § | |
| AMY HERRIG § | |

**OPPOSED**
**MOTION FOR AUTHORIZATION TO TRAVEL**
**FOR BUSINESS PURPOSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Amy Herrig moves this Court for permission to travel on two business trips in order to assist in the continuing operations of Rapids Camp Lodge, an entity associated with the Gas Pipe for which she has worked for the past seven years. The requested time periods are for: (1) January 29, 2016 to February 3, 2016; and (2) February 25 to February 29, 2016. The following is respectfully submitted for the Court's consideration:

1. Defendant Amy Herrig is the daughter of Gerald Shults, the owner of the Gas Pipe and related entities, including Rapids Camp Lodge.[1]

---

[1] Rapids Camp Lodge, Inc. is an entity that in turn owns Deneki Outdoors L.L.C.. Both are wholly owned by Defendant Herrig's father, Gerald Shults. Deneki Outdoors L.L.C. is promoted at trade shows as being owned and operated by Rapids Camp Lodge. Rapids Camp Lodge/Deneki Outdoors owns and/or leases facilities in Alaska and elsewhere.

2. Rapids Camp Lodge is located in King Salmon, Alaska. It is a fishing lodge which operates on a seasonal basis (i.e., only between June and late September/early October of each year). It is dependent upon avid fishermen who travel to Alaska for extensive, guided fishing trips into the Alaska "wilderness."

3. Defendant Amy Herrig's husband, Dan Herrig, is the manager of Rapids Camp Lodge. He spends the vast majority of the "season" at Rapids Camp Lodge, overseeing the operations of the lodge, the guests and the employees.

4. For the past seven (7) years, Defendant Herrig has worked at Rapids Camp Lodge assisting her husband in the operation of Rapids Camp Lodge during portions of the "season."  This was reported by Defendant Herrig to United States Pretrial Services at the time of her initial interview on or about May 14, 2015. Similarly, Defendant Herrig has also been involved in promoting Rapids Camp Lodge/Deneki Outdoors, *see* footnote 1, *supra*, during this same time frame and has historically assisted her husband at trade shows and related events promoting Rapids Camp Lodge/Deneki Outdoors, with a focus on Rapids Camp Lodge. This involves marketing the camps and "selling" trips to avid fishermen.  For instance, in early January 2016, with the permission of Mr. Zarate, she attended and assisted her husband at a "trade show" (entitled "Dallas Safari Club Convention & Sporting Expo") held at the Kay Bailey Hutchison Convention Center in Dallas, promoting Rapids Camp Lodge/Deneki Outdoors.  Given that the business of Rapids Camp

Lodge/Deneki Outdoors (fishing trips for avid fisherman) is substantially advanced by the presence of representatives of Rapids Camp Lodge/Deneki Outdoors at trade shows, including "The Fly Fishing Show(s)," there is a legitimate business reason for the requested travel.

5. The terms and conditions of Defendant Herrig's release authorize travel outside the Northern District of Texas with the approval of her United States Pretrial Services Officer (Mr. Eric Zarate), but due to her "curfew" and GPS electronic monitoring, a motion seeking this Court's authorization for both trips is necessary.

6. The two requested trips described below in detail have been shared with Mr. Eric Zarate by Defendant Herrig. Mr. Zarate has informed undersigned counsel that he is not opposed to Defendant Herrig's request to travel for employment purposes to the two "Fly Fishing Shows" (i.e., trade shows) described below during the time frames requested. Moreover, undersigned counsel has ascertained that Mr. Zarate will be able to monitor Defendant Herrig's whereabouts (via her GPS monitor) at all times on both requested trips as Verizon has cell towers covering all locations involved in her requested travel (except, of course, when she is actually on the airplanes traveling).

7. The first trip would be from Friday, January 29, 2016 to Wednesday, February 3, 2016. She would leave DFW airport on American Airlines #1229 at 12:05 p.m., arriving Newark Airport in Newark, N.J., at 4:24 p.m.. She would take the New

Jersey Transit train system from Newark Airport to New Brunswick, N.J., and then take a taxi to Somerset, N.J. In Somerset, she would attend (along with her husband, Dan Herrig) "The Fly Fishing Show" and physically "man" the two connecting booths that Rapids Camp Lodge paid for in July 2015. This will be held at the Garden State Exhibit Center, 50 Atrium Drive, Somerset, N.J. She would stay with her husband at the Double Tree Hotel at the Somerset Hotel and Conference Center, 200 Atrium Drive, Somerset, N.J., through Monday, February 1, 2016. That Monday afternoon, she and her husband would travel to New York City, New York, by train and stay at the Roosevelt Hotel, 45 E. 45th Street, New York, N.Y., so that she can meet with a defense retained attorney (who has been assisting undersigned counsel in his representation of Defendant Herrig in both the civil forfeiture case and the criminal case) on Tuesday, February 2, 2016. On February 3, 2016, Defendant Herrig and her husband would return to Dallas from La Guardia Airport on American Airlines Flight #1141, leaving at 1:02 p.m. and arriving DFW airport at 4:15 p.m.

    8. The second trip would be from Thursday, February 25, 2016, to Monday, February 29, 2016. Defendant Herring would leave Love Field on Southwest Airlines #2439 at 2:10 p.m., arriving Oakland, California at 4:00 p.m. She would be traveling with her husband, Dan Herrig, and would take a train from the Oakland Airport to Pleasanton, California. In Pleasanton, she would attend and assist her husband at a second "The Fly Fishing Show" and "man" the two connecting booths that Rapids

Camp Lodge paid for in July 2015. She would stay with her husband at the Double Tree Hotel located at 7050 Johnson Drive, Pleasanton, California. On Monday, February 29, 2016, Defendant Herrig would travel from Pleasanton to Oakland by train and then fly back to Dallas on Southwest Airlines #337 at 5:40 p.m., arriving Love Field at 11:00 p.m.[2]

9. Since her release on May 18, 2015, Defendant Amy Herrig has faithfully complied with all conditions of her release. United States Magistrate Judge Horan recently modified the conditions of Defendant's release due to her compliance to date.

10. Defendant Herrig has not made reservations for flights for any of the requested time periods, but if approved, she would do so and provide the flight itineraries to Mr. Zarate, checking with him before she leaves and checking back in with him upon her return, upon any conditions the Court deems necessary and appropriate. And, as noted above, Mr. Zarate will be able to monitor her every movement via the GPS monitor. She can obviously comply with her curfew by being in the hotel room at each of the three different hotels at whatever hour Mr. Zarate specifies (10:00 p.m. is her current curfew) and the GPS can verify her presence at the addresses of those hotels.

---

[2] This would necessitate a slight modification of her curfew, but again, Mr. Zarate would be able to monitor her arrival at Love Field and her return to her residence in Highland Park.

WHEREFORE, PREMISES CONSIDERED, Defendant Amy Herrig respectfully prays that the Court entertain this motion and exercise its sound discretion by entering an Order allowing her to travel as requested above.

        Respectfully submitted,

        /s/DAVID L. BOTSFORD
        State Bar No. 02687950
        1307 West Avenue
        Austin, Texas  78701
        512/479-8030 (Tel)
        512/479-8040 (Fax)

**CERTIFICATE OF CONFERENCE**

    I hereby certify that on January 25, 2016, I conferred with Mr. Brian Poe, counsel for the Government, and he has authorized undersigned counsel to represent to the Court that the Government is opposed to this motion, but that he does not desire to be heard further.

        /s/DAVID L. BOTSFORD

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this document was emailed to Mr. Brian Poe, counsel for the United States, at brian.poe@usdoj.gov on the same day that it was filed electronically in this case. Service was made by the ECF system.

        /s/DAVID L. BOTSFORD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | **Criminal No. 3:14-cr-00298-M** |
| | § | |
| AMY HERRIG | § | |

## ORDER

Before the Court is Amy Herrig's Opposed Motion for Authorization to Travel for Business Purposes. The Court, having reviewed the motion, hereby grants such motion and authorizes Defendant Herrig to travel to the locations specified in her motion and on the dates specified therein. She shall continue to comply with all conditions of her releasee and coordinate with her United States Pretrial Officer, or his designee, regarding all segments and aspects of these trips.

_____
United States District Judge
United States Magistrate Judge